UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN SCHROER, solely in his official capacity as Commissioner Tennessee Department of Transportation, | ) ) ) ) | |
| Plaintiff | ) ) | No. 3:14-cv-00968 |
| v. | ) ) | |
| WILLIAM H. THOMAS, JR., | ) ) | Judge Sharp Magistrate Judge Bryant |
| Defendant | ) ) | |

To: The Honorable Kevin Sharp, District Judge

REPORT AND RECOMMENDATION

I. Introduction

By order entered April 17, 2014 (Docket Entry No. 3), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motion.

Currently pending before the Court is a Motion to Remand this case to the Chancery Court of Davidson County by Plaintiff John Schroer, in his official capacity as the Commissioner of the Tennessee Department of Transportation. (Docket Entry No. 5).

For the reasons stated herein, the undersigned recommends that the Plaintiff's Motion to Remand be GRANTED, and the case be remanded to the Chancery Court of Davidson County, Tennessee.

II. Factual Background

This action originated on March 14, 2014, when Plaintiff Mr. Schroer, acting in his official capacity for the Tennessee Department of Transportation ("TDOT"), filed suit in the Chancery Court of Davidson County against the Defendant, William H. Thomas, Jr., to

collect damages arising from Defendant's alleged violation of the Billboard Regulation and Control Act of 1972, Tenn. Code Ann. §§ 54-21-101 et seq. (Docket Entry No. 1 at 7).

Defendant, acting *pro se*, filed a Notice of Removal on April 11, 2014, on grounds of diversity jurisdiction and federal question jurisdiction. (Id. at 1-2). Within, Defendant alleged that complete diversity was satisfied because he is a resident of Florida and the Plaintiff is a citizen of Tennessee. (Id. at 2). It is unclear from the Notice where Defendant is domiciled. Additionally, Defendant asserted federal question jurisdiction on the grounds that this matter involves constitutional issues through a link to pending litigation in the Western District of Tennessee where Defendant has raised various constitutional claims against TDOT employees. (Id. at 1-2).

In response, Plaintiff filed a Motion to Remand asserting that this Court has no jurisdiction over the matter. (Docket Entry No. 5). In his Memorandum in Support of this motion, Plaintiff claimed that there is no basis for diversity jurisdiction because a state cannot be considered a citizen for the purpose of establishing diversity of citizenship, and that the action, because it was brought by the Commissioner acting in his official capacity, was brought by the State of Tennessee. (Docket Entry No. 6 at 4).

Furthermore, Plaintiff argued that there is no federal question jurisdiction because his initial complaint in this matter alleged only the violation of a state law, the Billboard Control and Regulation Act of 1972. (Id. at 6). Therefore, applying the well-pleaded complaint rule, Plaintiff argued that federal question jurisdiction does not exist, regardless of any potential federal defenses or counterclaims subsequently raised by Defendant that could contain a federal issue. (Id.) Plaintiff added that the Eleventh Amendment would bar Defendant from either asserting a counterclaim for money damages or adding the State of Tennessee as a party in Case No. 2:13-CV-2897, the Defendant's action pending in the District Court for the Western District of Tennessee.

On May 18, 2014, Defendant responded to the Motion to Remand by moving to transfer this case to the Western District of Tennessee where his constitutional claims against TDOT employees are pending in Case No. 2:13-CV-2897 (W.D. Tenn.). (Docket Entry No. 7). Defendant argues that the two cases concern the same alleged conduct and that they should accordingly be "combined." (Id. at 2). The Plaintiff responded in opposition to this Motion to Transfer, asserting that the motion was premature pending the determination of federal jurisdiction over the action. (Docket Entry No. 8 at 1). The Response reiterated the lack of federal question jurisdiction and the irrelevance of any potential federal claims raised by Defendant within any responsive pleadings. (Id. at 1-2).

III. Analysis

28 U.S.C. § 1441 governs the removal of civil actions to federal court and provides that removal to the embracing district court is proper so long as the federal court has original jurisdiction over the state-court complaint. E.g., Rivet v. Regions Bank of La., 522 U.S. 470, 474 (1998). The removing party has the burden of establishing original federal jurisdiction. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). Defendant asserts that this Court has jurisdiction on grounds of both diversity of citizenship and the existence of a federal question. While jurisdiction based on either ground would satisfy the jurisdictional requirement under § 1441, neither is present here.

28 U.S.C. § 1447(c) requires a case to be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" Because there is no jurisdictional basis on which the Court may hear this matter, the case should be remanded to the Chancery Court of Davidson County, Tennessee.

### a. Diversity Jurisdiction

Defendant alleges that this Court has jurisdiction over the matter at hand under 28 U.S.C. § 1332, which grants federal district courts original jurisdiction over civil actions that (1) are between citizens of different states and (2) exceed the amount in controversy requirement of $75,000.00. (Docket Entry No. 1 at 2). However, a state is not a citizen within the meaning of § 1332, so there can be no diversity of citizenship between a state and a citizen or corporation of another state. Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 487 (1894). Therefore, there is no diversity of citizenship basis for federal subject matter jurisdiction over such conflicts. Id.

Additionally, as correctly stated in the Plaintiff's Memorandum in Support of its Motion to Remand, this is true even though Mr. Schroer in his official capacity as Commissioner, rather than the State of Tennessee, is the named party. (Docket Entry No. 6 at 4). Suits against state actors for actions within their official capacities are generally understood to be against the state itself, rather than the named individual. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).

More specifically in the context of jurisdiction, the court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980). Unlike a state itself, a political subdivision of a state will be considered a citizen for diversity purposes so long as it is not found to be merely an "arm or alter ego" of the state. Moor v. Alameda County, 411 U.S. 693, 717 (1973). In a contract dispute case brought by the Michigan Department of Transportation, the U.S. District Court for the Western District of Michigan followed this analysis and held that the plaintiff department was an alter ego of the State of Michigan, and accordingly that it had no citizenship upon which to establish diversity jurisdiction for removal. Michigan Department of Transportation v. Allstate Painting and Contracting Co.,

No.2:08-CV-286, 2009 WL 891702, at *4 (W.D. Mich. Mar. 31, 2009). In making this decision, the court considered, among others, the following factors: (1) the source of the entity's funding, (2) the extent to which the entity was concerned with statewide rather than local matters, (3) the entity's ability to sue and be sued in its own name, and (4) the treatment of the entity under the state's laws. Id. at *2-3.

It follows that the Tennessee Department of Transportation, like the Michigan Department of Transportation, is not a citizen in the context of § 1332. TDOT is a Tennessee agency, largely funded by the State, and its responsibilities are statewide rather than locally focused. Even though the action at hand was brought nominally by Mr. Schroer, he is acting solely in his official capacity as Commissioner, represented by the Tennessee Attorney General, and is suing based on the authority granted to him by the Billboard Regulation and Control Act. In addition to authorizing the Plaintiff with the ability to enforce the provisions within, the statute specifies that the owner of any violating structure is "liable *to the state*" for damages and furthermore that all revenues received from unpermitted advertising devices are "subject to being forfeited *to the state* and placed in the highway fund[.]" Tenn. Code Ann. §§ 54-21-105(b),-105(c)(7) (emphasis added). Additionally, the statute declares that jurisdiction over any type of claim against the state that might arise from TDOT's actions in enforcing the statute is vested "exclusively" in the Chancery Court for Davidson County. § 54-21-105(d).

For the foregoing reasons, TDOT is an alter ego of the State of Tennessee and not a citizen under the meaning of 28 U.S.C. § 1332. Therefore, federal jurisdiction based on diversity of citizenship is lacking, and the case should be remanded to the Chancery Court for Davidson County.

### b. Federal Question Jurisdiction

Defendant also alleges that this Court has subject matter jurisdiction over the case at hand under 28 U.S.C. § 1331, which grants federal jurisdiction over cases that present a federal question. The well-pleaded complaint rule governs whether a federal question is presented under § 1331 and also whether removal on these grounds is proper under 28 U.S.C. § 1441. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 & n.2 (2002). This rule provides that a federal question must arise on the face of the plaintiff's properly pleaded complaint, and that neither a federal defense nor a federal counterclaim can establish federal question jurisdiction. Id.

Here, Plaintiff's complaint raises only a matter of state law, the enforcement of the Billboard Control and Regulation Act of 1972, Tenn. Code Ann. §§ 54-21-101 et seq. (Docket Entry No. 1 at 7-12). Accordingly, the complaint could not have been properly filed in this Court initially under federal question jurisdiction, nor may it be properly removed to this Court by Defendant.

### c. Transfer

Defendant's Motion to Transfer requests that this action be transferred to the U.S. District Court for the Western District of Tennessee to be "combined" with Case No. 2:13-CV-2897 (W.D. Tenn.). (Docket Entry No. 7 at 2). 28 U.S.C. § 1404(a) provides that a district court may transfer a civil action to "any other district or division where it might have been brought or to any district or division to which all parties have consented." Because this action could not have been properly filed initially in the District Court for the Western District of Tennessee due to the same defect in subject matter jurisdiction shared by this Court, and because subject matter jurisdiction may never be waived, U.S. v. Cotton, 535 U.S. 625, 630 (2002), this Court cannot transfer this action under § 1404.

IV. Recommendation

For the foregoing reasons, the undersigned hereby recommends that the Plaintiff Commissioner's Motion to Remand be GRANTED and the case be remanded to the Chancery Court of Davidson County, Tennessee for further proceedings.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to do with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 153 (1985); Cowherd v. Million, F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 2nd day of June, 2014.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE