# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN SCHROER, solely in his official capacity as Commissioner, Tennessee Department of Transportation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:14-cv-00968 |
| | ) ) | Chief Judge Sharp |
| WILLIAM H. THOMAS, JR., | ) ) | Magistrate Judge Bryant |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the defendant's objection (ECF No. 12) to the Report and Recommendation ("R&R") (ECF No. 10) filed by Magistrate Judge John Bryant, recommending that the plaintiff's motion to remand this action back to the Chancery Court of Davidson County (ECF No. 5) be granted.

After being served with a magistrate judge's recommended disposition, any party may, within fourteen days, "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The objection in this case was not timely, as it was filed twenty-two days after the R&R. More importantly, his objection fails to address specifically the magistrate judge's proposed conclusions of law. Instead, the defendant essentially re-argues his motion to transfer this action to the United States District Court for the Western District of Tennessee. He asserts that the matter before this Court should be transferred so that it "may be combined with the existing proceeding between the parties involving the same legal issues presented in this case." (ECF No.12, at 1.) The defendant fails to recognize or respond to the magistrate judge's findings that (1) this Court lacks diversity jurisdiction or federal-question jurisdiction over this matter; (2) this action could not have been properly filed initially in the United States

District Court for the Western District of Tennessee or this Court because of the defect in subject-matter jurisdiction; and (3) subject-matter jurisdiction can never be waived.

Because the objecting party has not raised "proper" objections to any portion of the R&R and instead continues to argue that this matter should be transferred, the Court has no obligation to conduct a *de novo* review of the magistrate judge's ruling. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly broad objections do not satisfy the objections requirement."), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). *Cf. Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

Notwithstanding the insufficiency of the defendant's objection, the Court has considered the entire record *de novo* and finds that the magistrate judge's findings are legally correct: Jurisdiction is lacking in this Court, and the matter was improperly removed. The Court lacks jurisdiction even to consider the defendant's motion to transfer.

Accordingly, the Court hereby **OVERRULES** the defendant's objection to the R&R and **ACCEPTS** the magistrate judge's recommendation (ECF No. 10) in its entirety.

The plaintiff's motion to remand (ECF No. 5) is **GRANTED**, and the Clerk is **INSTRUCTED** to remand this case to the Chancery Court for Davidson County, Tennessee, from whence it was removed.

This action shall be closed without entry of judgment.

It is so **ORDERED**.


KEVIN H. SHARP
Chief Judge
United States District Court